STANAED, J.
If, on the general demurrer to the declaration, the court could intend that the president and directors of the office of discount and deposit of the bank of Virginia at Charleston might be a private corporation, *or an association of individuals trading under that designation and personally chargeable on their contracts, as was hinted at rather than seriously contended for in the argument, then the demurrer ought to have been overruled, and the case permitted to progress to judgment against such private corporation or individuals; and the judgment would charge that corporation or those individuals, and not the corporation of the bank of Virginia. But that such intendment cannot be made, is, I think, free from all doubt. It is judicially known to the court that the corporation of the president, directors and company of the bank of Virginia exists, and that the designation of one class of its functionaries is “the president and directors of the office of discount and deposit at Charleston.” The functionaries so designated are not a corporation, and have not, under that designation, corporate capácity to contract, or effects to charge; and any contract made by them is effectual onl3r as a contract of the corporation of the president, directors and company of the bank of Virginia. They are nonentities to the end of creating any other corporate responsibility, and their contracts are nugatory and abortive for any other purpose, unless they are so framed as to create a personal responsibility of those who are president and directors of Ihe office. Without enquiring whether or no the president and directors may so contract as to subject them to personal responsibilit}', and consequently to suit on that responsibility, it is, I think, perfectly clear that in this case the suit is not on such responsibility, and tha.t no judgment could be taken which would charge them personally. That it could, was not seriously insisted on in Ihe argument. It is obvious that the claim of the plaintiff is not on an individual or personal, but an alleged corporate responsibility, and no judgment could be properly rendered in this case that would personally charge, or the execution on which could be levied on the effects of the *individuals who, at the time of suit or judgment, or thereafter, might be the president and directors of the office. It has already been shewn that no suit against them as constituting in themselves a corporation distinct from the bank of Virginia, can be maintained, because they have no such corporate character, no capacity to contract, no effects to charge. All this has been in effect conceded in the sequel of the argument of the counsel for the plaintiff in error, and he endeavours to maintain that this is a suit on a responsibility of the corporation of the bank of Virginia, the judgment in which would only charge, and the execution on that judgment be levied only on the effects of that corporation; and that the suit, in the manner in which it has been brought and conducted, is warranted by the act passed the 19th of day of March 1832, Suppl. to Rev. Code, p. 381.* In other words, the *658 proposition in effect is that the act authorizes a suit in which the process, declaration and judgment are in terms to be against the office or branch, *'or the president and directors of the office or branch, but the cause of action must be a responsibility of the corporation, (the president, directors and company of the bank of Virginia) and the judgment and execution must charge or be levied on the effects of that corporation only. If this be so, then the act authorizes a suit against the bank, by the description of the branch bank, or the president and directors of the branch bank. Without questioning the power of the legislature to authorize a suit on the contract, and charging the effects, of the corporation, by process and pleadings giving any name to the defendant that whim or caprice may dictate, as a substitute or equivalent for the corporate name, and supposing that power to be exercised by the act in question, still the declaration in this case is radically defective, and the demurrer to it was properly sustained. Whatever name is assigned to the defendants whether branch bank, or president and directors of the office of discount and deposit, the case to be made by the pleadings (that being the only warrant for the suit) is a consummate right of suit against the bank of Virginia, arising out of transactions between the plaintiff and the branch named in the process and pleadings. The suit is not authorized on all transactions with the branch, or the president and directors thereof, but only on such from which a controversy exists with, and on which a suit is maintainable against, the corporation. It is therefore not sufficient to allege a transaction with or contract of the branch, or the president and directors thereof, (for in truth every such contract, unless it be that of the corporation, made by the agency of the branch or of the president and directors thereof, is nugatory and abortive of any responsibility of the corporation) but the responsibility or contract must be alleged as that of the corporation, otherwise the case that would sustain a suit against the corporation is not made, and consequently it cannot appear to be war«ranted by the *act. Neither of the counts in the declaration shews necessarily any engagement, contract or responsibility of the corporation. The second' count is as defective in this respect as the first; for though it alleges the advance of money to the corporation, there is no averment that a controversy with the corporation respecting it had arisen, and no assumpsit by the corporation is charged, so as to shew that the plaintiff could sustain a suit therefor against it. _
Were I to confine my opinion to the particular declaration in this case, the general question respecting the construction of the act of 1832, in regard to the manner of conducting suits under its provisions, would remain unsolved. As that question has been argued, and is one of general importance, and as I have formed a distinct opinion on it, I deem it proper to express it.
I have already noticed the construction contended for by the plaintiff in error, which results in giving, in substance and effect, a suit against the corporation, but to be conducted against it by the name of the branch bank, or the president and directors of the office of discount and deposit. To say the least of it, this would be a whimsical change, without any apparent reason, liable to inconvenience, and recommended by no conceivable advantage; and the intention to make it should not be imputed to the legislature, unless that indention be evinced by language free from all ambiguity.
This construction cannot be made without changing the punctuation ; and if that be done, still the letter of the act would require the suit, pleadings and judgment to be against the branch bank, eo nomine, and not otherwise. Confessedly the act cannot operate according to its letter, and justify the suit and pleadings in this case. Under such circumstances, its sound construction is to be sought in the admitted object of the act, and the forms to be observed should be moulded to harmonize with that object. The object of the act was to enable ^parties having controversies with the corporation to institute suit on such controversies at the place where the transaction occurred out of which they arose, and to facilitate the introduction of the case into court by an easy service of process. The act had in, view7 the prosecution of no claim but one against the corporation, the judgment and execution for which should charge the effects of the corporation only. As the suit was to be for a claim on the corporation, the pleadings must of necessity manifest that claim, and the judgment be rendered in conformity with it. All these objects were attainable by serving process as the act directed, and, on such process) declaring upon the contract or responsibility of the bank. The summons, in strictness, should be to answer a claim of the plaintiff on the corporation; since for such claim only could the suit be brought. In opposition to the construction which requires the pleadings and judgment to conform to the claim', (that is, a declaration against the president, directors and company of the bank of Virginia, on the contract or responsibilitjr of the corporation, and a judgment against the president, directors and company) it is objected that the act, by a change of punctuation, authorizes the suit against the branch bank. If a change must be made to sustain a construction which imputes the purpose of making so whimsical and unnecessary an alteration in the name of one of the real parties, involving difficulties and inconvenience in the pleadings and judgment, and the lan *659 guage may be interpreted in reference to the end and in conservation of all the purposes of the act, avoiding all difficulties and incongruities in the pleading and judgment, the latter rather than the former interpretation should be adopted. Indeed the urgency of the case may be such, that the latter interpretation would be given, though, to make the act distinct as interpreted, words should be changed, rejected or supplied. Could the interpretation be given, 'x'iu no other way than by understanding the words “controversy against any such branch bank” as equivalent to “controversy with any such branch bank,” that would be justified by sound principles of construction. But that is not necessary in this case. The object of the act was to authorize a suit for a claim on the corporation, having a particular origin, to be instituted at the place where it originated. To institute a suit is to sue out process in it; then if the latter words be substituted for the former, the act will authorize the party to sue out process in a particular jurisdiction, in a suit which can be maintained against the corporation ; and as the act authorizes the process to be served on the officers of the branch bank, there is very little straining of language to characterize the process as one against the branch bank, which the law authorizes to be served on the officers thereof. At all events the suit in which the process is issued must be one that can be maintained against the corporation, the judgment in it is to charge, and the execution on the judgment is' to be levied on, the effects of the corporation; and it is proper that the declaration should be against the corporation by its corporate name. This being so, the declaration in this case is fatally defective.
Having reached the conclusion that the declaration is not against the corporation, and the corporation is not thereby made a party, and the further conclusion that it charges a corporate responsibility of the president and directors of the office, and that we cannot intend that there is or may be a private corporation by that name, but have judicial cognizance of the fact that the designation in the declaration is of a mere agency of a public corporation, having no corporate character per se, to contract, sue, or be sued; that is, that there is no corporate character of the defendants in respect to which the plaintiff can have judgment; I think that we must make the like negation of corporate character '^throughout, and as in that character we cannot render judgment against them, we cannot render judgment in that character in their favour, and therefore judgment cannot be given for them for costs on the affirmance of the judgment.

This statute (Acts of 1831-2, ch. 75, p. 68J enacts, “that hereafter any person or persons, body or ■bodies politic or corporate, having' any controversy with any of the banks within this commonwealth, established by the laws thereof, which has or shall have arisen out of any transactions between such person or persons, body or bodies politic or corporate, and any one of the branches of either of the said banks, it shall be lawful for any such person or persons, body or bodies politic or corporate, desiring so to do, to institute any suit at law or in chancery, which by law could now be maintained against the said mother bank on any such controversy against any such branch bank, in any court of record in the county or corporation where the office of discount and deposit of such branch bank is *658 established; and in all such cases it shall be sufficient to execute a summons instituting such suit, on the president, or in his absence, the cashier, of such branch bank. And any execution which may issue upon any judgment so recovered, shall be levied in the county or oorporation where the judgment is'obtained; and if there be no property, or if the property taken in execution be not sufficient to ttisfy the same, then the execution shall be levied, >r the amount due thereon, on any property of the .■ank in any part of the commonwealth.” — Note in Original Edition.